No. 56.—LEROY NAPIER *et al.* plaintiffs in error, *vs.* JOHN H. HOWARD *et al.* defendants in error.

[1.] If a verdict be rendered by a special Jury in a Court of Equity, finding that certain property should be settled on a married woman and her children, but the decree is not formally and accurately framed, so as clearly to provide for such settlement, the Court may afterwards, and after the death of the wife, upon proper issues formed, and whilst it still has the fund under its control, perfect the decree, and do rightly what was intended to be done. To this end, an amendment may be admitted to a bill filed, making creditors of the husband parties to the proceeding, in order that they may be heard against it, if they so desire.

In Equity, in Stewart Superior Court. Decision by Judge WORRELL, April Term, 1855.

Thomas Napier, by his will, bequeathed certain property to trustees for his son, Thomas T. his wife and his children. James L. Delaunay married one of the children. The trustees loaned him a part of the trust funds, and took two mortgages to secure the re-payment thereof. Prior to the mortgages, certain judgments had been recovered against Delaunay. Subsequent to the mortgages, other judgments were recovered, upon some of which John H. Howard was surety.

The trustees (the mortgagees) filed a bill against Howard and others, alleging that Howard had taken up or fraudulently colluded with the older judgment *fi. fas.* by means of which he was proceeding to sell, under the younger *fi. fas.* all the property not included in the mortgages, and was reserving the older *fi. fas.* to sell the property included in the mortgage. This was the substance of the bill. The prayer was for an injunction, &c. Subsequently, Howard filed a bill, alleging that under the will of Thomas Napier, the funds loaned by the trustees to Delaunay, were really the property of Delaunay, and that the mortgages were fraudulently made and kept open for the purpose of defrauding the creditors of Delaunay. The prayer was for an injunction of the mortgage *fi. fas.* and a distribution to Delanuay, of his share of the property or money bequeathed as aforesaid.

On a writ of error to the Supreme Court, they decided that the children of Thomas T. Napier, as they arrived at age, were entitled to a share of the property bequeathed, and directed an inquiry, in the Superior Court, as to the amount of the trust property; and farther, "what would be a suitable provision to be made for the support and maintenance of Mrs. Sarah C. Delaunay and her children, if any, out of her share of said trust property, including the whole, or such portion thereof as may be deemed equitable and just, and that the same be decreed to her for her maintenance and support, as well as for the maintenance and support, and education of her children, if any, and the balance, if any, be appropriated to the debts," &c.

Upon a trial, the Jury found and decreed, that Mrs. Delaunay's share of this trust fund, viz: $10.074, "would be a suitable provision for her and her children."

From this decree Howard appealed, and the second Jury found the same verdict. Upon these verdicts, no regular decree was entered by the Court.

Subsequently, Mrs. Delaunay died.

At the April Term, 1855, John Tolbert, Otis Childs and Benjamin T. Bethune, judgment creditors of Delaunay, ap-

plied to the Court to be made; parties complainant to the bill of John H. Howard; and an amendment was proposed, by which the bill would be made a general creditor's bill.     The·· amendment set forth the death of Mrs. Delannay, and claimed, that upon her death, her husband became her sole heir, and was entitled to all of the trust fund settled upon her, &c.

'The Court below allowed the . amendment, and this is the · decision assigned as error in this Court.

WELLBORN and J. JOHNSON, for plaintiffs.

B. K. HARRISON and S. JONES, for defendants.

Judge BENNING, having been of Counsel in this case, did: .not preside.

*By the Court.*—STARNES, J. delivering the opinion.

We are of opinion, that the amendment submitted should' have been received.     And this opinion is intended to be expressed, without prejudice to the rights of the children of Mrs. Delaunay, who are interested in the decision which has been made, for the purpose of settling this property on Mrs. Delaunay and her children.

It seems to have been the intention of the Court and Jury which tried this case, to make a permanent settlement of this property, not only upon Mrs. Delaunay, for life, but upon her children—yet, the form of the settlement; that is to say, the verdict 'of the Jury and the decree entered thereon, are not sufficiently technical and accurate in the terms employed, so as clearly to carry into effect this intention, and thus constitute the fund a provision for Mrs. Delaunay during life, and for her children after her death.

Still, if this be what was intended to be done, it is not too late for a Court of Equity to perfect or do rightly, what it has undertaken to do in this behalf, with respect to a fund which it still has under its control.     But as the question, in

this point of view, seems not to have been argued in the Court below, and was not carefully discussed before us, and as we are anxious that all parties, who may so desire, should be heard upon it; and being, ourselves, also willing to be further advised, we therefore affirm the judgment, directing the amendment to be received—suggesting that the children of Mrs. Delaunay may be permitted to ask that a formal and proper settlement of this fund be made upon them, and that the Court below do try and determine the issues so formed.